IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-51246
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EVA CERVANTES-QUINTERO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-653-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eva Cervantes-Quintero appeals the sentence imposed following her guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. She argues that her guidelines sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that her guidelines sentence is not entitled to a presumption of reasonableness.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The abuse-of-discretion standard of review applies to appellate review of sentencing decisions. Gall v. United States, 128 S. Ct. 586, 594 (2007). A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir.2006); see also Gall, 128 S. Ct. at 594.

Cervantes-Quintero argues that her guidelines sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2 is not "empirically supported." As she did not raise this argument in the district court, it is reviewed for plain error. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). Cervantes-Quintero has failed to show plain error. See United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008).

Accordingly, Cervantes-Quintero's within guidelines sentence is presumed reasonable, and she has failed to overcome that presumption. See Alonzo, 435 F.3d at 554. To the extent Cervantes-Quintero argues that her sentence is unreasonable based upon the factors she presented to the district court, we discern no reason to disturb the district court's exercise of its discretion. See Campos-Maldonado, 531 F.3d at 339.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Cervantes-Quintero challenges the sentence imposed for her conviction by questioning the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. As Cervantes-Quintero concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.